**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

PRABHJIT SINGH,                          )
                                         )
          Petitioner,                    )
                                         )
v.                                       )          Case No. CIV-26-757-R
                                         )
ROBERT CERNA, et al.,                    )
                                         )
          Respondents.                   )

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Prabhjit Singh, a noncitizen[1] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. On May 28, 2026, Petitioner filed a Motion Requesting Court to Issue Decision on Petition for Writ of Habeas Corpus ("Motion"). Doc. 14. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time. Further, the Court should deny as moot Petitioner's Motion.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    **<u>Background</u>**

Petitioner, a citizen of India, entered the United States on October 29, 2022, near San Luis, California, without inspection or parole.  Pet. at 4-5; Doc. 1-1 at 1 (Notice to Appear).  On November 1, 2022, ICE encountered Petitioner and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  Pet. at 5; Doc. 1-1 at 1.  Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Doc. 1-1 at 1.  On November 15, 2022, Petitioner was released from ICE custody on a $3,000 bond by an ICE official.  Pet. at 5; Doc. 1-2 at 1 (Notice of Release on Bond).  Petitioner alleges he has not violated any terms of his release and has no criminal history.  Pet. at 5-6.  In 2023, Petitioner filed an Application for Asylum and for Withholding of Removal.  *Id*. at 5; Resp. at 18; Doc. 13-2 (Petitioner's Application for Relief I-589).

On March 25, 2026, ICE re-detained Petitioner.  Pet. at 5.  Petitioner does not allege he requested a bond hearing before an Immigration Judge ("IJ").  However, such a request is likely futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 2.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 11, 2026).

**II.    Petitioner's Claims**

Petitioner asserts six counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**    Petitioner alleges his continued detention without individualized assessment, statutory justification, or realistic prospect for removal violates ICE's detention authority granted by the INA. Pet. at 16-17.

- **Count II: Violation of Due Process.**  Petitioner alleges his continued detention without an individualized custody determination violates his due process under the Fifth Amendment to the Constitution.  *Id.* at 18-19.

- **Count III**: **Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his detention violates the APA because the decision to apply mandatory detention while removal proceedings are pending is an arbitrary and capricious agency action.  *Id*. at 19-21.

- **Count IV: Violation of the Equal Protection Clause.**  Petitioner alleges his continued detention violates the Equal Protection Clause because there is no rational explanation for why he is denied an individualized custody determination unlike others in the same statutory posture, which creates unconstitutional disparate treatment. *Id*. at 21-23.

- **Count V: Violation of the Suspension Clause**.  Petitioner alleges his continued detention without individualized review or a means to challenge the unlawful detention violates the Suspension Clause.  *Id*. 23-25.

- **Count VI**: **Violation of the *Accardi* Doctrine.**  Petitioner alleges Respondents violated the *Accardi* Doctrine by arresting him without a warrant or satisfying the regulatory requirements governing such arrests, which deprives him of liberty in a manner not authorized by law.  *Id*. at 25-27.

He asks the Court to "grant the writ of habeas corpus and order Petitioner's immediate release from ICE custody." *Id*. at 28 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.* [2]

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis[3]

#### A.    The Court has jurisdiction to consider the Petition.

As an initial matter and contrary to Respondents' assertions, neither 8 U.S.C. § 1252(g) nor § 1252(b)(9) blocks this Court's jurisdiction.  Judges of this District, including this Court, have consistently ruled the INA "does not jurisdictionally bar" a habeas claim like Petitioner's because such a claim does not arise from and "does not challenge Respondents' decision to commence or adjudicate proceedings or execute

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

[3] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 9-10.  Respondents do not dispute Petitioner's assertion.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

removal orders." *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); *see also Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) (same); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *4-5 (W.D. Okla. Dec. 26, 2025) (same); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025) (same); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *2 (W.D. Okla. Dec. 8, 2025) (same). *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (expressing "grave doubts over whether it has subject matter jurisdiction" but assuming it had jurisdiction to proceed to the merits). The undersigned agrees with the majority of Judges of this District in finding that jurisdiction exists to consider Petitioner's habeas challenges to detention.

### B.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and

entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is detained pursuant to § 1226(a). Pet. at 2. He asserts his "continued detention—without individualized assessment, without statutory justification, and without any realistic prospect of removal in the reasonably foreseeable future— exceeds the narrow detention authority granted by the INA." *Id.* at 17. Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). Resp. at 18. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States and (2) § 1226(a) is reserved for those who do not fall within the confines of § 1225(b)(2)(A). Resp. at 23-25.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention and grant the Petition in part to the extent he seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez*, 2025 WL

3709021, at *3 (citation modified).  "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant."  *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *3 (W.D. Okla. Feb. 5, 2026) (citation modified).  The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination."  *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).  Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of

7

noncitizens like Petitioner.[4]  This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents.  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[5]  In contrast, the Fifth and Eighth Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position.  *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[6]  *See Perez*, 2026 WL 315065, at *3 (finding the

---

[4] *See, e.g., Valdez,* 2025 WL 3709021, at *3; *Coreas v, Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[5] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue.  *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

[6] This conclusion is further supported by the fact Petitioner was detained and later released on a $3,000 bond in November 2022.  Pet. at 5; Doc. 1-2; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be— subject to discretionary detention under § 1226").

Seventh Circuit's analysis "persuasive" and concluding § 1226(a) governs a similarly situated petitioner's detention "in accordance with the vast majority of district courts in this judicial district, in the district courts within the Tenth Circuit and across the country to have address the same issues as those raised by Petitioner") (citation modified); *see also Brena Escobedo v. Holt,* No. CIV-25-1553-R, 2026 WL 989109, at *1 n.1 (W.D. Okla. Apr. 13, 2026) (acknowledging the 2-1 decisions in *Avila* and *Buenrostro-Mendez* but continuing to apply § 1226(a) to a similarly situated petitioner).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

### C.    The proper remedy is a bond hearing.

Petitioner does not request a bond hearing and instead only asks the Court to "order Petitioner's immediate release from ICE custody." Pet. at 28. Consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As this Court previously acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the

9

Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Accordingly, consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a). [7]

### D.    The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process, [8] the APA, the Equal Protection Clause, the Suspension Clause, and

---

[7] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[8] Magistrate Judges in this District, including the undersigned, have previously addressed whether detention of a similarly situated petitioner violates due process when a petitioner raises such a claim and seeks a different form of relief (such as burden shifting) with a due process claim. Here, the Petition does not seek burden shifting or any different relief based

the *Accardi* Doctrine.  Pet. at 17-27.  If the Court grants Petitioner a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of his remaining claims based on his continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at \*3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.      Petitioner's Motion Should Be Denied as Moot

On May 28, 2026, Petitioner filed a motion requesting "the Court issue a ruling on the Petition."  Doc. 14 at 1.  If the Court adopts this Report and Recommendation and grants Petitioner relief with a bond hearing, the undersigned recommends the Court **DENY** the Motion as moot.

## VI.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  Further, the Court should **DENY as moot** Petitioner's Motion, Doc. 14.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 18, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's

---

on due process.  Any relief recommended here as the result of a due process violation would be limited to the same relief recommended for the INA violation, so the Court need not address it.

11

objections, such response must be filed not later than **June 24, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 11th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE