**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PRABHJIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-757-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 15] recommending the Court grant the Petition in part and order Respondents to provide Petitioner with a lawful bond hearing pursuant to 8 U.S.C. § 1226. Respondents filed an Objection [Doc. No. 16], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3). Petitioner has neither objected to the Report nor filed a response to the Government's Objection.

Respondents object to Judge Stephens's conclusion that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Upon de novo review, and in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes that § 1226(a) governs Petitioner's detention.

Judge Stephens recommends that the proper remedy is an individualized bond hearing under § 1226(a). The Court agrees. *See id.* at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."). And, "[b]ecause the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claim[]." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026). The Court declines to address Petitioner's other claims for the same reason.

Accordingly, the Report and Recommendation of Judge Stephens is ADOPTED. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order. Petitioner's Motion Requesting Court to Issue Decision on Petition for Writ of Habeas Corpus [Doc. No. 14] is DENIED AS MOOT.

IT IS SO ORDERED this 8th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE